# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KEITH THOMPSON,

        Petitioner,               Case Number: 2:09-CV-11609

v.                                                    HON. NANCY G. EDMUNDS

WILLIE SMITH,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Keith Thompson has filed a *pro se* petition for a writ of habeas corpus. At the time he filed his petition, Petitioner was incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan. He has since been unconditionally discharged from confinement. Respondent has filed a Motion to Dismiss, arguing that the unconditional discharge renders the petition moot.

**I.**

Petitioner was convicted of manslaughter in Wayne County Circuit Court. On September 19, 1995, he was sentenced to ten to fifteen years' imprisonment.

In 2006, Petitioner pleaded guilty in Arenac County Circuit Court to aggravated assault of a prison employee. On January 9, 2007, he was sentenced to 12 months' imprisonment, to be served consecutively to his manslaughter sentence.

Petitioner filed the pending habeas petition on April 29, 2009. He raises the following claim:

> Should the District Court direct or order immediate release from unlawful imprisonment in custody in the Michigan Department of Corrections agency of false imprisonment in accordance with their own policy "03.01.135 Discharge/Termination of Sentence" after discharging from state prison sentence and award monetary damage for physical and mental and emotional stress for each and every day held beyond discharge date in the agency?

Respondent has filed a motion to dismiss. Petitioner has filed a response to the motion to dismiss.

## II.

Petitioner does not attack the validity of his conviction in his petition. Instead, he argues that he is being incarcerated beyond the expiration of his sentence. He seeks immediate release and monetary damages. In his motion to dismiss, Respondent argues that, because Petitioner has been unconditionally released from his sentence, his petition is now moot.

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This case or controversy requirement means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

"[A] prisoner's 'challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction.'" *Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009), *quoting Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once a prisoner's sentence has expired, however, "some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." *Id.* A

habeas petition challenging a *conviction* is not mooted by the petitioner's release from prison prior to the court's determination, because the petitioner could still face "significant collateral consequences flow[ing] from a criminal conviction." *Gentry v. Deuth*, 456 F.3d 687, 694 (6th Cir. 2006) (quotation omitted). Collateral consequences of a conviction are presumed. *Id.* In contrast, a habeas petition challenging only a sentence is mooted by the petitioner's release from prison unless a petitioner can show sufficient "collateral effects." *Lane v. Williams*, 455 U.S. 624, 631 (1982). Collateral consequences are not presumed when a petitioner challenges only an expired sentence. *Id.* "Nullification of a conviction may have important benefits for a defendant . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter." *North Carolina v. Rice*, 404 U.S. 244, 248 (1971). In this case, Petitioner challenges only the sentence imposed and that sentence has expired. He has not alleged any collateral effects of the sentence itself. Therefore, his unconditional release moots the petition. *Accord Bomasuto v. Perlman*, --- F. Supp. 2d ----, 2010 WL 271262, * 7-8 (W.D. N.Y. Jan 19, 2010) (dismissing habeas petition as moot where petitioner challenged only an expired sentence and not the conviction itself).

Moreover, money damages also are not available through a habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release – the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.")

**III.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is moot. Therefore, the Court denies a certificate of appealability.

**IV.**

Accordingly, it is **ORDERED** that Respondent's Motion to Dismiss [dkt. #8] is **GRANTED** and the petition for a writ of habeas corpus [dkt # 1] is **DISMISSED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

                               s/Nancy G. Edmunds
                               Nancy G. Edmunds
                               United States District Judge

Dated: February 18, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 18, 2010, by electronic and/or ordinary mail.

                               s/Carol A. Hemeyer
                               Case Manager